## Mary Wisenger, administratrix, v. Donk Brothers Coal & Coke Company.

1. HABITS OF CARE—*when evidence of, competent.* Where the injury complained of resulted in death and there were no eyewitnesses to the accident, the habits of care exercised by the deceased may be shown.

2. ASSUMED RISK—*when defense applies.* Even if the master fails in the duties of care which he is required to exercise for the benefit of his servant, yet if the servant knew of such failure and faces the danger, he is held to have assumed the risk.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

W. E. HADLEY and BURTON & WHEELER, for plaintiff in error.

TRAVOUS, WARNOCK & BURROUGHS, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case begun in the Circuit Court of Madison county, by Mary Wisenger, administratrix, plaintiff in error, to recover damages for the death of August Wisenger, her husband, occurring on the 23rd day of January, 1903, from injuries sustained while in the employ of the defendant. There are two counts in the declaration, the first of which alleges that the defendant was operating a coal mine near Collinsville, and in the operation of same, was using electrical machinery and appliances and was generating electricity for the purpose of operating said machinery in its mine; that various wires were running down the shaft and through the various rooms and entries in the mine over which the defendant caused to flow a dangerously high current of electricity; that Wisenger was employed by the defendant to load coal and perform other like work in the mine and that he was wholly ignorant of the laws governing the production, use and control of electricity and was not advised of any existing danger; that it was the duty of the defendant to provide Wisenger with a reasonably safe place in which to perform his said work and to keep that part of the mine where Wisenger was required to go and to pass in the performance of his duties in a reasonably safe condition; that the defendant failed therein and carelessly and negligently allowed said place to remain in an unsafe and dangerous condition; that it allowed certain copper wires where Wisenger was required to work and pass to remain in an unsafe and dangerous condition without being insulated and over which it caused to flow a dangerously high electrical current, by means whereof, Wisenger, while performing his duties in said mine, and while in the exercise of due care for his own safety, came in contact with said wire, thereby receiving an electric shock which instantly caused his death.

The second count is substantially the same as the first. The defendant pleaded the general issue.

Upon the trial of the case in the Circuit Court at the conclusion of the plaintiff's evidence the defendant moved for an instruction to the jury to find the defendant not guilty. This motion was allowed by the court and the jury instructed accordingly. Exceptions were duly taken. A motion by plaintiff for a new trial was argued and denied and judgment entered on the verdict against the plaintiff for costs. The case is brought to this court by writ of error.

From the evidence in the record it appears that the defendant was operating a coal mine by electricity and had been so operating it for four or five years, during which time August Wisenger, the deceased, had been in its employ. The dynamo was above ground and the power or current of electricity was taken down the shaft through a large insulated wire to the bottom, from which other wires ran in different directions along the mine entries, and at different points, would again branch off into the rooms for connection with the mining machinery operated by electric power, furnished through these wires. The wires immediately connected with the machinery were insulated, but the copper wires which ran along the entries were uninsulated. These entry wires were supported by props placed in line along the side of the entry within about a foot of the face of the rib, and were two in number, the current from the dynamo to the mining machines flowing through one and returning through the other. The wires were attached to the props and about two feet apart. On the 23rd of January, 1903, Wisenger was at work in the mine. His tool box was in one of the entries about two feet from the uninsulated wires mentioned. At noon he left his work and went to the tool box to eat his dinner. A few minutes later his "buddy" or helper found him dead, his body about two feet from the tool-box and near the naked wire on the side of the entry. The proof tends to support the charge of negligence and the cause of injury. There is

Wisenger v. Donk Brothers Coal & Coke Co.

evidence that Wisenger was careful while working in and around the wires and electrical appliances. Under the circumstances, there being no eye-witnesses to the occurrence, this evidence was relevant as tending to prove ordinary care. The only question submitted for our determination is, whether or not under all the evidence the doctrine of assumed risk is applicable in defense as a matter of law. This is the contention of the defendant and was the finding of the trial court in taking the case from the jury. It has long been the rule in this state, supported by an unbroken line of authority, that the servant may not recover from the master for injuries received from any danger or hazard to which he voluntarily exposes himself. Whether it relates to the machinery and appliances connected with his employment, or to the place where he is to work, his knowledge of defects or conditions by which he is imperiled and from which he suffers will bar his claim for damages. It is the duty of all employers to use reasonable care to furnish the employee a reasonably safe place to work and not negligently expose him to danger. And if by reason of negligence in this respect the employee is injured, while himself in the exercise of ordinary care for his own safety, he may recover. This is on the ground that he may rightly and safely assume that the employer will fulfill his duty and obligations under the law. But if he has knowledge of the employer's negligence, and the danger to himself in consequence, and continues in the service, he is held to have assumed the risk and is not in the exercise of ordinary care for his own safety. The foregoing proposition is in entire harmony with all the decisions of the Supreme and Appellate Courts of the State. The rule is given in Browne v. Siegel, Cooper & Co., 191 Ill. 233, as follows: "The master's duty requires him to furnish the servant a place ordinarily safe in which to work, and that the machinery, means and appliances which he provides for the service shall be ordinarily safe and free from danger to the servant in their use, and the servant has a right to assume that he has performed his duty. But even if the master fails in such

duty and there are, to the knowledge of the servant, defects in such machinery, means and appliances which render their use hazardous, he is held to have assumed the hazard, for he cannot go on with knowledge of the danger, without complaint, until he is injured and then hold the master liable. The servant assumes not only the ordinary risks incident to his employment, but also all dangers which are obvious and apparent, and if he voluntarily enters into or continues in the service, knowing, or having the means of knowing, its dangers, he is deemed to have assumed the risks and to have waived all claim against the master for damages in case of personal injury." The facts and contention in the case of Wells v. O'Hare, 209 Ill. 627, cited by plaintiff in error, did not involve the doctrine of assumed risk as applied to dangers and hazards known to the injured employee, and what is there found in the opinion of the court is without controlling application in this case. In this case it may be conceded that the defendant was negligent in the manner alleged, that the danger to the plaintiff's intestate from the exposed wires highly charged with electricity was very great, and yet, if he knew the danger and that injury would result from contact with the wires, the defendant is not liable. If the undisputed evidence bearing upon his knowledge is such that all reasonable minds must conclude that he knew and understood the danger to which he was exposed, then he assumed the risk and it was for the court to decide that plaintiff had no cause of action and instruct the jury to find the defendant not guilty. After a careful consideration of the evidence we are of opinion that the trial court committed no error in taking the case from the jury. The deceased had worked in the mines under the conditions complained of for a number of years. He knew the power that was used and the manner of its transmission and application in operating the mine. He knew the location of the wires, that they were not insulated, and that injury would result from coming in contact with them. He warned his helper, a witness for the plaintiff, not to touch the wires "because they are dangerous." In order

that he may be held to have known the danger and assumed the risk it was not necessary that he should have been acquainted with the laws governing the production, use and control of electricity, ignorance of which is alleged in plaintiff's declaration. It is sufficient that he knew that it was dangerous to touch the wire. Even if he knew no more than that the wires were used in conducting the current from the dynamo to the machinery, it might fairly be inferred that he fully realized the danger of contact with the charged wires, so common has become the use and application of electrical power in these days of progress, invention and machinery.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*